STEWART, Respondent, vs. RUDIS, Appellant.

*January 11—February 7, 1933.*

524

For the appellant there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt*.

For the respondent there was a brief by *George W. Taylor* of Kenosha and *Rouiller & Dougherty* of Milwaukee, and oral argument by *C. F. Rouiller*.

FAIRCHILD, J. Just before the collision the respondent was driving east on Sixty-third street following a street car moving in the same direction. His purpose was to make a left turn to the north on Twelfth avenue which crosses Sixty-third street at right angles.

The respondent claimed and offered testimony to the effect that the street car's speed was greater than his and in consequence of this the distance between him and it, at the intersection, had increased to about fifty feet or the width of Twelfth avenue at the time. He started to make his turn to the north; that in making the turn he straddled the center line of the intersection; that appellant when first observed was about forty feet east of and coming toward the intersection at about thirty miles an hour; that respondent brought his car to a stop. The appellant offered testimony to the effect that it was practically at the same time that he and the street car entered the intersection from opposite

directions; that just after they passed each other respondent's automobile came out from behind the street car, striking and turning him over; that the accident occurred suddenly; that he hadn't previously been able to see respondent's automobile because of the intervening street car. He further testified that he was driving between fifteen and eighteen miles an hour and had reached a point about even with the west curbing of Twelfth avenue at the northwest corner before being struck; that respondent's automobile turned to the north when eight or ten feet from the west curb line of the intersection directly into the left side of appellant's automobile; that the suddenness with which respondent came from behind the street car was such as to make it impossible for appellant to have avoided a collision.

The conclusion adopted by the jury and supported by evidence is that the appellant was unable to see the respondent because the street car was between them at the time when the appellant entered the intersection and passed over the greater portion of it, having practically reached the western boundary of Twelfth avenue before the collision. There is no contention here that the appellant was driving at an excessive speed, and the case is governed by sec. 85.18 (5), Stats., which reads:

"*Vehicles turning left at intersections.* The operator of a vehicle within an intersection intending to turn to the left across the path of any vehicle approaching from the opposite direction, may make such left turn where it is permitted only after affording a reasonable opportunity to the operator of such vehicle to avoid a collision."

A reasonable view of the evidence permits of the inference drawn by the jury that respondent failed to keep a proper lookout to afford a reasonable opportunity to appellant to avoid a collision; that the appellant was free from negligence. Under the evidence which now must be treated as controlling, the appellant was proceeding at a lawful rate

of speed on his side of the road with no one to interfere with him in sight and under circumstances where he was not bound to anticipate that any one coming into the intersection on his left would interfere with his further progress. *Hansen v. Biron,* 208 Wis. 215, 242 N. W. 498; 3–4 Huddy, Encyc. of Automobile Law (9th ed.) sec. 142; 1 Blashfield, Cyclopedia of Automobile Law, p. 518. °

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment on the verdict as rendered in favor of defendant on his counterclaim.